**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BOBBY MCKNIGHT, On behalf of himself and All Others Similarly Situated,** | ) ) ) | |
| *Plaintiffs* | ) ) | |
| v. | ) ) ) | **CLASS AND COLLECTIVE ACTION** |
| **BlueOval SK, LLC,** | ) | **CASE NO. _____** |
| *Defendant.* | ) ) ) ) | **JURY TRIAL DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

## INTRODUCTION

1.    Plaintiff Bobby McKnight ("Plaintiff") brings this collective action and class action under federal and state law against Defendant BlueOval SK, LLC ("BlueOval") to challenge BlueOval's unlawful practice of refusing to pay Plaintiff, and similarly situated employees, for all time worked at its Glendale, Kentucky facility.

2.    Plaintiff Bobby McKnight works as an overtime-eligible, hourly-paid employee of BlueOval at its facility in Glendale, Kentucky.

3.    BlueOval's parent companies are Ford Motor Company and SK On.  BlueOval's Glendale, Kentucky facility is located on 2.3 square miles of land, and consists of two plants that produces what BlueOval describes as producing "more than 80 gigawatt hours."  *See* www.blueovalsk.com/Kentucky

4.      At its Glendale, Kentucky facility, BlueOval manufactures lithium ion batteries to power Ford and Lincoln brand electric vehicles. BlueOval does this by utilizing battery technology developed by SK On.

5.      Since the inception of its facility in Glendale, Kentucky, BlueOval has required its hourly-paid employees to proceed through a security checkpoint and a checkpoint where they are required to don (or put on) foot gear prior to proceeding to their work location within the facility. This foot gear is necessary for the employees, like Plaintiff, to wear in order to perform their jobs in a sanitary environment.  However, instead of their compensable worktime beginning when they don (or put on) their foot gear, BlueOval begins the compensable time for its hourly employees, like Plaintiff, at a scheduled start time.  This time corresponds to the time when they must begin certain work at an assigned location in the facility, but it does not correspond to the beginning of their compensable workday.

6.      The same is true at the end of the workday for Plaintiff and those similarly situated. Defendant ends its employees' compensable workday in accordance with a scheduled shift.  This end time corresponds to work they are performing at an assigned location within the facility, but it does not cover all compensable worktime.  Plaintiff and those similarly situated are not paid for the considerable time it takes them to walk out of the large facility and proceed to an assigned location where they much doff (take off) their foot gear.

7.      This class and collective action seeks all compensation owed to Plaintiff and those similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) ("FLSA") and the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010, *et seq.* for all time worked.

## JURISIDICTION AND VENUE

8.      This Court has jurisdiction over Plaintiffs' claims because they are brought

pursuant to the FLSA, and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

9.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. §1391 because BlueOval's headquarters is based within this judicial district, and therefore BlueOval resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## PARTIES

### A. Plaintiff

10.      Plaintiff Bobby McKnight is a resident of the state of Kentucky and is a current employee for BlueOval in its Glendale, Kentucky facility and is not exempt from FLSA coverage or KWHA coverage.

### B. Defendant

11.      Defendant BlueOval SK, LLC is a Limited Liability Company with its principal office located at 1 American Road, Suite 120, Dearborn, Michigan 48126.

12.      During the Relevant Time Period, Defendant BlueOval SK, LLC has been regularly engaged in interstate commerce.

13.      During the Relevant Time Period, Defendant BlueOval SK, LLC has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

14.      During the Relevant Time Periods, Defendant BlueOval SK, LLC has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, as well as KY. REV. STAT. ANN. § 337.010, of employees working at the BlueOval facility in Glendale, Kentucky.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff asserts his FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All hourly-paid employees of BlueOval who have worked at BlueOval's facility in Glendale, Kentucky at any time in the past three (3) years and who are required to don (put on) foot gear prior to entering the facility and who are required to doff (take off) such gear after exiting the facility.

16. The Named Plaintiff is representative of similarly situated employees of BlueOval who were not paid for all hours worked as described herein, as mandated by the FLSA. Plaintiff has actual knowledge that there are numerous employees who were not paid for all hours worked for BlueOval as described herein.

17. All, or virtually all, of the legal and factual issues that will arise in litigating the class claims are common to the class members and the named Plaintiff. These issues include:

    a. Uncompensated work time in question, which constitutes principal activities integral and indispensable to the job performance of Plaintiff and those similarly situated as required by Defendant and performed by Plaintiff and those similarly situated prior to their paid shifts and after their paid shifts.

## RULE 23 CLASS ACTION ALLEGATIONS

18. Plaintiff brings their Kentucky statutory claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All hourly-paid employees of BlueOval who have worked at BlueOval's facility in Glendale, Kentucky at any time in the past three (3) years and who are required to don (put on) foot gear prior to entering the facility and who are required to doff (take off) such gear after exiting the facility.

4

These individuals are referred to as "the Kentucky class" or "the Kentucky class members."

19.     Class action treatment of Plaintiff's Kentucky statutory claims is appropriate because all of Federal Rule of Civil Procedure 23's class action requisites can be satisfied. For example:

    a.  The Kentucky Class includes, upon information and belief, hundreds of individuals and, as such, is so numerous that joinder of all class members is impracticable, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

    b.  Questions of law and fact are common to the Kentucky Class, including, *inter alia*, (a) whether uncompensated work time in question constitutes principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Defendant and performed by Plaintiff and those similarly situated prior to their paid shifts and after their paid shifts. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

    c.  Plaintiff is a member of the Kentucky Class, and his claims are typical of the claims of other Kentucky class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

    d.  Plaintiff will fairly and adequately represent the Kentucky Class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the Kentucky Class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

20.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of

conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

21.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Kentucky Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

22.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## FACTS

23.     During the relevant time period, the Plaintiff and those similarly situated are/were employed by BlueOval at its Glendale, Kentucky facility and were and continue to be deprived of their lawful wages under the FLSA and the KWHA in the same manner.

24.     Plaintiff and those similarly situated are/were paid an hourly wage and are not exempt from the FLSA's wage and hour requirements, nor are they exempt from the KWHA's wage and hour requirements.

25.     Plaintiff and those similarly situated are/were required to wear and utilize BlueOval-issued footwear, which is/was an integral and indispensable part of the principal activities for which they are/were employed.

26.     BlueOval's Glendale, Kentucky operation employs hundreds of workers, including Plaintiff in this action and others who are similarly situated with respect to BlueOval's compensation practice challenged herein.

27.     Plaintiff and those similarly situated are directly employed by BlueOval, are paid an hourly wage, and are not exempt from the FLSA's and KWHA's wage and hour requirements.

28.     Due to the nature of BlueOval's operations in Glendale, Kentucky, BlueOval requires Plaintiff and those similarly situated to utilize BlueOval-issued footgear necessary to ensure sanitary conditions and to comply with federal and state governmental safety and health regulations and mandates.

29.     Pursuant to Defendant's common business practices and during the time period relevant to this lawsuit, at the commencement of each workday, Plaintiff and those similarly situated are required to proceed through designated security check points prior to entering the facility.  After proceeding through security checkpoints, Plaintiff and those similarly situated are required to proceed through an assigned location where they receive and don (put on) BlueOval-assigned footwear that must be worn properly prior to entering the facility.

30.     After readying and donning their required BlueOval-issued footgear, Plaintiff, and those similarly situated, proceed into the Glendale, Kentucky facility.  Once in the facility, there is a pathway in the facility's "spine" where Plaintiff and those similarly situated must walk hundreds of yards to an assigned location in the facility.  Once in their assigned location within the facility, Plaintiff and those similarly situated are able to access a breakroom to store their lunch and supplies.  Once in their assigned location, Plaintiff and those similarly situated are able "clock in" using a BlueOval-assigned application on their personal phones.  However, their compensable time is rounded to an assigned scheduled start time.  Plaintiff and those similarly situated must arrive at an assigned location by their scheduled start time to being certain work tasks.

31.     Compensation for Plaintiff and those similarly situated is based upon the time they clock-in and clock-out, which is rounded (or altered to certain assigned times) by BlueOval. Plaintiff and those similarly situated are not paid for any of their work-related activities performed before they clock-in or after they clock-out (or put differently, before and after their assigned scheduled start and end times).

32.     Pursuant to Defendant's common business practices, and during the time period relevant to this lawsuit, Plaintiff and those similarly situated are not compensated for all time spent performing essential and necessary work activities before their pay begins and after their pay ends. These activities include donning (putting on) and doffing (taking off) their BlueOval-issued footwear, and traveling to and from the designated areas where they much don (put on) and doff (take off) this assigned footwear to the designated clock-in and clock-out areas.

33.     As a result of BlueOval's compensation system, and other practices and policies followed by BlueOval, Plaintiff and those similarly situated are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked since the Glendale, Kentucky facility has been open.

34.     The Defendant's failure to pay Plaintiff and similarly situated employees their lawful wages was and is willful. Defendant BlueOval knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

35.     Defendant's failure to pay wages and overtime pay to Plaintiff and similarly situated employees in accordance with the FLSA and KWHA was neither reasonable, nor in good faith.

36.     Despite its knowledge that time spent by Plaintiff and those similarly situated, as described above, was compensable time under federal and state law, Defendant has deliberately taken no steps to fully compensate them for this time.

**VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *et seq.***

**COUNT I**

37.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

38.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

39.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-halftimes" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

40.     Plaintiff and those similarly situated are covered employees entitled to the protection of the FLSA.

41.     Plaintiff and those similarly situated are not exempt from receiving FLSA overtime benefits because, *inter alia,* they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

42.     Defendant is a covered employer required to comply with the provisions of the FLSA.

43.     Defendant has violated the FLSA with respect to Plaintiff by, *inter alia,* failing to compensate Plaintiff and those similarly situated for all hours worked and, with respect to such hours, failing to pay Plaintiff and those similarly situated the legally mandated overtime premium for such work.

44.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

45.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

46.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## COUNT II

### (Compensation Due for Work Performed Off-the-Clock – KY. REV. STAT. ANN. §§ 337.275, *et seq.*)

47.     All previous paragraphs are incorporated as though fully set forth herein.

48.     Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq.* (hereinafter referred to as the "Kentucky Wage Statutes").

49.     KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek.

50.     During all times material to this complaint, Defendant was a covered employer required to comply with the Kentucky Wage Statutes.

51.     During all times material to this complaint Plaintiff and the Kentucky Class were covered employees entitled to the protections of the Kentucky Wage Statutes.

10

52.     Plaintiff and those similarly situated are not exempt from receiving the Kentucky Wage Statutes' overtime benefits because they do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

53.     Defendant has violated the Kentucky Wage Statutes with respect to Plaintiff and the Kentucky Class by, *inter alia*, failing to compensate them at applicable straight time and/or time-and-one-half overtime rates for all hours worked, which includes them time they spend donning (putting on) their footgear to the time their hourly pay begins, and from the tome their pay ends to the time they spend doffing (taking off) their footgear.  This time also includes all travel time from when they don (put on) their footgear to where they are assigned to clock-in and work, and the travel time from when they leave their assigned job location to the time they doff (take off) their footgear at the end if their shift.

54.     In violating the Kentucky Wage Statutes, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the Kentucky Wage Statutes.

55.     Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

56.     Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. ANN. § 337.385, Plaintiff and those similarly situated are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid overtime wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A.       An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.       Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C.       An order permitting Plaintiffs' Kentucky state law claims to proceed as a class action pursuant to Federal Rule of Civil Procedure 23;

D.       Prompt notice of this litigation to the members of the Rule 23 class;

E.       Enter judgment against Defendant and in favor of Plaintiff and others similarly situated, for compensation for all hours worked, including their unpaid break, at a rate not less than the applicable minimum wage as well as the amount of unpaid and underpaid overtime that Defendant has failed and refused to pay in violation of the FLSA;

F.       Find that Defendant's violations of the FLSA and KWHA were willful;

E.       An injunction prohibiting Defendant from engaging in future violations of the FLSA and KWHA;

F.       Liquidated damages to the fullest extent permitted under the FLSA and KWHA;

G.       Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the FLSA and KWHA; and,

I.        Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial as to all claims so triable.

Date:   September 24, 2025

Respectfully submitted,

/s/ Jesse L. Young
**JESSE L. YOUNG (**P72614)
SOMMERS SCHWARTZ, P.C.
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

**DAVID W. GARRISON**
**JOSHUA A. FRANK**
BARRETT JOHNSTON MARTIN & GARRISON,
PLLC
200 31st Avenue North
Nashville, Tennessee 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**J. CHRIS SANDERS**
CHRIS SANDERS LAW PLLC
1041 Goss Avenue
Louisville, KY 40217
Telephone: (502) 587-2002
csanders@chrissanderslaw.com

*Attorneys for Plaintiffs*